HARRY EDWARDS v. THE STATE.

No. 13104. Delivered February 12, 1930.
Appeal reinstated March 19, 1930.
Reported in 26 S. W. (2d) 280.

The opinion states the case.

*D. McNeill Turner* of Corpus Christi, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for libel; punishment, a fine of one hundred dollars.

For several reasons the appeal will have to be dismissed. The notice of appeal appearing in the record is entirely insufficient. The recognizance is wholly informal, and not in accordance with any form or precedent.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The irregularities and defects causing the dismissal of this appeal have been remedied. The case will now be considered upon its merits.

The indictment herein charged that on a certain date this appellant did, with intent to injure James Autry, publish and circulate a malicious printed statement affecting the reputation of the said James Autry, said malicious statement being of the tenor following:

The written statement covering approximately a half page, is then set out. There is no reference therein further to James Autry. There is nothing in said written statement from which the court might learn that James Autry and the secretary of the chamber of commerce of Falfurrias, were one and the same person. There is neither direct nor indirect allegation that Autry was such secretary. All of the statements contained in the written document set out, referred to the secretary of the chamber of commerce of Falfurrias. There are neither innuendo nor explanatory averments of any character. At the conclusion of the setting out of said written statement appear the statutory words "Against the peace and dignity of the State," and the signature of the foreman of the grand jury. It is impossible to see how the language of the written statement could be held to refer to or affect the reputation of, or in anywise reflect upon or libel James Autry. So believing, we are of opinion that the indictment is defective in a fundamental matter. The publication of the written statement which contained nothing in same to personate, identify, point out or particularize the party named in the indictment as the injured person, can not be held sufficient.

The judgment will be reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*